UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
Agnes Herceg, on behalf of herself and all others          :
similarly situated,                                         :     Case No. 7:22-cv-05137-KMK
                                                           :
                            Plaintiff,                     :     Hon. Kenneth M. Karas
                                                           :
                -against-                                  :
                                                           :
Chobani, LLC,                                              :
                                                           :
                            Defendant.                     :
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
------------------------------------------------------------ x
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHOBANI, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 2

     A.    The Products and the Challenged Claims ............................................... 2

     B.    Plaintiff Agnes Herceg ............................................................................ 6

LEGAL STANDARD ......................................................................................................... 7

ARGUMENT ...................................................................................................................... 8

I.     THE COMPLAINT FAILS TO STATE CLAIMs UNDER NEW YORK
     GENERAL BUSINESS LAW § 349 AND § 350 FOR NUMEROUS REASONS ......... 8

     A.    Plaintiff Cannot Base Her GBL Claims on Criticism of the Fair Trade
           USA Standards ......................................................................................... 8

     B.    Plaintiff's Allegations of Injury Are Conclusory and She Fails to Plead
           Any Causal Connection With the Yogurt Products' Labeling ........................... 12

     C.    The Challenged Representations Make No Measurable or Specific Claims
           and Are Too Vague to Be Actionable ........................................................... 14

     D.    Plaintiff Does Not Plausibly Allege That Chobani Omitted Any
           Information .............................................................................................. 16

II.    PLAINTIFF'S NON-NEW YORK CONSUMER CLAIMS MUST BE
     DISMISSED FOR LACK OF JURISDICTION ..................................................... 17

III.   PLAINTIFF'S EXPRESS WARRANTY CLAIM ALSO FAILS FOR
     MULTIPLE REASONS ...................................................................................... 17

CONCLUSION ................................................................................................................. 20

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraham v. Am. Home Mortg. Servicing, Inc.*,
  947 F. Supp. 2d 222 (E.D.N.Y. 2013) ...................................................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................8, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................8

*Brodie v. Green Spot Foods, LLC*,
  503 F. Supp. 3d 1 (S.D.N.Y. 2020).........................................................................18

*Budach v. NIBCO, Inc.*,
  No. 2:14-CV-04324, 2015 WL 3853298 (W.D. Mo. June 22, 2015)......................15

*In re Citigroup Auction Rate Sec. Litig.*,
  700 F. Supp. 2d 294 (S.D.N.Y. 2009).....................................................................17

*Cosgrove v. Oregon Chai, Inc.*,
  520 F. Supp. 3d 562 (S.D.N.Y. 2021)......................................................................18

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010)......................................................................................8

*Dwyer v. Allbirds, Inc.*,
  No. 21-CV-5238 (CS), 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022)........... *passim*

*Ebin v. Kangadis Food Inc.*,
  No. 13 Civ. 2311(JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013)..................19

*Ebner v. Fresh Inc.*,
  838 F.3d 958 (9th Cir. 2016) ..................................................................................11

*Gedalia v. Whole Foods Market Servs., Inc.*,
  53 F. Supp. 3d 943 (S.D. Tex. 2014) ........................................................................9

*Gordon v. Target Corp.*,
  No. 20-CV-9589, 2022 WL 836773 (S.D.N.Y. Mar. 18, 2022).......................16, 17

*Gorman v. Covidien Sales, LLC*,
  No. 13 Civ. 6486 (KPF), 2014 WL 7404071 (S.D.N.Y. Dec. 31, 2014)................20

*Haft v. Haier U.S. Appliance Sols., Inc.*,
    No. 21-CV-506, 2022 WL 62181 (S.D.N.Y. Jan. 5, 2022) ....................................................18

*Hunt v. All. N. Am. Gov't Income Tr., Inc.*,
    159 F.3d 723 (2d Cir. 1998)..................................................................................................20

*Jessani v. Monini N. Am., Inc.*,
    No. 17-2504-cv, 2018 WL 6287994 (2d Cir. Dec. 3, 2018)................................................11

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014)..................................................................................19

*Kommer v. Ford Motor Co.*,
    No. 17-cv-296 (LEK) (DJS), 2017 WL 3251598 (N.D.N.Y. July 28, 2017) ........................15

*Koublani v. Cochlear Limited*,
    2:20-cv-1741, 2021 WL 2577068 (E.D.N.Y. June 23, 2021)...............................................19

*Lee v. Canada Goose US, Inc.*,
    20 Civ. 9809 (VM), 2021 WL 2665955 (S.D.N.Y. June 29, 2021).........................................9

*Leonard v. Abbott Labs., Inc.*,
    No. 10-cv-4676 (ADS) (WDW), 2012 WL 764199 (E.D.N.Y. Mar. 5, 2012)......................15

*Lin v. Canada Goose US, Inc.*,
    21 Civ. 7614 (LGS), 2022 WL 16926312 (S.D.N.Y. Nov. 14, 2022).......................14, 15, 17

*Lisa Coppola, LLC v. Higbee*,
    No. 1:19-CV-00678, 2020 WL 1154749 (W.D.N.Y. Mar. 10, 2020) ...................................13

*Lopez v. Peapod, LLC*,
    No. 19 Civ. 9906 (KPF), 2021 WL 1108559 (S.D.N.Y. Mar. 23, 2021) ...............................20

*Lugones v. Pete and Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020)..................................................................................14

*MacNaughten v. Young Living Essential Oils, LC*,
    575 F. Supp. 3d 315 (N.D.N.Y. 2021)..................................................................................15

*McGarry v. Pallito*,
    687 F.3d 505 (2d Cir. 2012)....................................................................................................7

*Police and Fire Retirement Sys. of the City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013)....................................................................................................17

*Quintana v. B. Braun Med. Inc.*,
    No. 17 Civ. 6614, 2018 WL 3559091 (S.D.N.Y. July 24, 2018) ...........................................14

*Small v. Lorillard Tobacco Co., Inc.*,
    94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)......................................................14

*Smith v. Apple, Inc.*,
    583 F. Supp. 3d 554 (S.D.N.Y. 2022)......................................................................................13

*Tears v. Boston Scientific Corporation*,
    344 F. Supp. 3d 500 (S.D.N.Y. 2018)......................................................................................18

*Warren v. Whole Foods Market Grp., Inc.*,
    574 F. Supp. 3d 102 (E.D.N.Y. 2021) .....................................................................................19

*Wright v. Publishers Clearing House, Inc.*,
    439 F. Supp. 3d 102 (E.D.N.Y. Feb. 13, 2020) ..............................................................12, 13

*XYZ Two Way Radio Service, Inc. v. Uber Technologies, Inc.*,
    214 F. Supp. 3d 179 (E.D.N.Y. 2016) .....................................................................................15

**Statutes**

Federal Rule of Civil Procedure 10(c) ...........................................................................................3

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................1

New York General Business Law § 349............................................................................... *passim*

New York General Business Law § 350....................................................................8, 14, 16, 19

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chobani, LLC ("Chobani") hereby moves to dismiss the Complaint filed by Plaintiff Agnes Herceg ("Plaintiff").

## INTRODUCTION

In this case, Plaintiff challenges representations Chobani made on certain of its yogurt products about its compliance with standards set by a well-known, independent, third-party certification organization, Fair Trade USA.  But Plaintiff does not and cannot allege that Chobani did not meet the Fair Trade USA standards.  Instead, Plaintiff takes issue with the Fair Trade USA standards themselves and alleges that they "fall short" of different standards propounded by a different third-party organization.  And Plaintiff claims that she would not have purchased the products (or would have paid less) if she knew that the Fair Trade USA standards did not provide what she thinks are "meaningful benefits".  But, as cases in this Court make clear, even if "[t]here may well be room for improvement in the [standard]…that does not suggest that reliance on the current standard is deceptive."  *Dwyer v. Allbirds, Inc.*, No. 21-CV-5238 (CS), 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022).  Plaintiff simply cannot base any claims on the subjective belief that the Fair Trade USA standards are somehow inadequate.

Additionally, because Plaintiff does not even allege what she understood the Challenged Representations to mean or how those representations harmed her, she fails to establish any actionable injury, let alone any causal connection between those representations and any purported injury.  Moreover, the specific representations at issue—that the yogurt products are made in accordance with "highest standards," "promot[e] sustainable livelihoods," and "support[] safe . . . animal care" (the "Challenged Representations") because they meet the Fair Trade USA standards—are too vague, subjective, and unmeasurable to support Plaintiff's claims.

Plaintiff's claims for violations of other states' consumer protection statutes are similarly deficient, and this Court lacks jurisdiction over them.

Finally, Plaintiff's express warranty claims should likewise be dismissed on multiple grounds.  As with her GBL claims, Plaintiff's express warranty claims fail because they are too vague to establish an express warranty in the first place.  Regardless, Plaintiff does not allege any express warranty breach or the requisite privity to state a claim.  And, again, her criticism of the Fair Trade USA standards is not enough to state a viable claim.

Accordingly, because Plaintiff's entire theory of liability is fatally flawed, amendment would be futile and the Court should dismiss her Complaint in its entirety with prejudice.

## STATEMENT OF FACTS

### A.    The Products and the Challenged Claims

Chobani is a dairy company specializing in Greek-style, high-protein yogurt and "is one of the largest sellers of yogurt in the United States."  (Compl. ¶ 1.[1])  As Plaintiff acknowledges, "Fair Trade USA is ___an independent non-profit___ that sets standards that it claims protect farm workers and partners with businesses to certify certain products."  (*Id*. (emphasis added).)  In fact, Fair Trade USA, has been recognized by farmers for implementing "one of the most credible and effective certification models on the market . . . ."[2]  As relevant here, Fair Trade USA developed "a dairy specific version of [its] general Agricultural Production Standards," which "was developed through a rigorous and transparent review and revision process based on extensive collaboration and consultation with a diverse array of stakeholders."  (Compl. ¶ 32 n. 15 (citing *Agriculture Production Standard 1.2.0*, Fair Trade USA (July 20, 2021), *available at*

---

[1] Pursuant to the Court's Individual Rule II.B, a true and correct copy of the Complaint is attached as Exhibit A.
[2] Home page of Fair Trade Certified, https://www.fairtradecertified.org/.

https://partner.fairtradecertified.org/program-resources/1r3YyT6ZrxPJK2ivCjTQhU. [3])).

Chobani added the Fair Trade Certified seal to the labels of a limited number of its yogurt

products that use milk sourced from farms that meet these standards and are certified by Fair

Trade USA (the "Yogurt Products").  The Yogurt Products include the Fair Trade USA seal on

their front labels and the following representations on their rear labels (Compl. ¶ 17):

> "When you choose our Fair Trade Certified™ Dairy you say:
>
> Yes to products made under the highest standards.
>
> Yes to promoting sustainable livelihoods.
>
> Yes to safe working conditions for farmers and workers.
>
> Yes to taking care of the people who take care of animals.
>
> Yes to strong, transparent supply chains."

---

[3] Because the Complaint cites the Fair Trade website, it is incorporated by reference into the Complaint pursuant to Federal Rule of Civil Procedure 10(c).





Plaintiff here takes issue with two of the five representations on the rear label: "Yes to products made under the ***highest standards***" and "Yes to promoting ***sustainable livelihoods***". (Compl. ¶ 17 (emphasis in the Complaint).) Plaintiff also purports to challenge what she asserts is a "claim[] that the Fair Trade USA dairy certification '***supports safe . . . animal care***'" (Compl. ¶ 50 (emphasis in the Complaint).) But that allegation is based on selectively quoting language that appears below an image of the Fair Trade USA seal on the ***<u>underside</u>*** of the lids of the 32 ounce vanilla, strawberry, 0% plain, 2% plain, and whole milk plain Yogurt Products, and reads in full: "Eating this yogurt empowers dairy farmers, ***<u>supports safe working conditions</u>*** and animal care, and provides extra income to the people who helped make this product." (Compl. ¶ 17 (emphasis added).)



Collectively, these three representations—"highest standards," "sustainable livelihoods," and "supports safe . . . animal care"—are the only Challenged Representations in this case.

Critically, Plaintiff does not contend that the Yogurt Products **_do not_** meet the Fair Trade USA standards.  Nevertheless, according to Plaintiff, the Challenged Representations "are designed to lead, and do lead, consumers to believe that Chobani's Fair Trade Certified Products are made in a way that benefits farm workers and animals," while "[Chobani's] Products do not follow the highest standards with regards to workers, fail workers on key metrics, and have no standards whatsoever that pertain to animal care."  (Compl. ¶¶ 18, 19.)  But Plaintiff does not provide any factual support for these allegations.  Instead, Plaintiff spends the vast majority of her Complaint criticizing not Chobani but the Fair Trade USA standards because those standards supposedly "fall short of the standards" set by another organization cited by Plaintiff, Milk with Dignity. (Compl. ¶¶ 20-49.)  For example, Plaintiff argues that "it is indisputable that Chobani's Fair Trade USA certification cannot provide the 'highest standards,' as higher standards exist and are well documented [through] the Milk with Dignity Program, which has been adopted by other major dairy companies, actively guarantees higher wages, requiring producers to pay at least the local (rather than federal) minimum wage, and requires that premium funds are 'used to get workers' earnings to the locally benchmarked Rural Livable Wage.'"  (Compl. ¶ 39.)  Plaintiff, however, only speculates that adhering to Milk with Dignity standards "could" or "might" result in different worker pay, (*id.* ¶¶ 35, 40); she never actually alleges that the farms from which Chobani sources its milk pay their workers a lesser wage or whether that wage falls short of what she contends to be a livable wage.

### B.    Plaintiff Agnes Herceg

Plaintiff Agnes Herceg allegedly "purchased the 32 oz Chobani Non-Fat Plain Greek Yogurt product weekly from a Stop and Shop grocery located at 610 White Plains Road, Tarrytown, New York, 10591."  (Compl. ¶ 87.)

Her complaint is most striking for what it does not allege.  Plaintiff alleges only that she "believed" the Challenged Representations (*id*. at ¶ 88).  She does not explain *__what__* she "believed" the Challenged Representations actually meant, let alone *__how__* she came to some understanding of what the Challenged Representations mean.  In addition, Plaintiff does not explain how she could have relied on the purported "supports safe . . . animal care" representation appearing only *__under__* the lids of the contested Yogurt Products, which would not have been visible to her prior to her purchase of the Yogurt Products.  Rather, Plaintiff alleges simply that she would not have purchased the Products had she known that "the Fair Trade USA certification did not entail any meaningful benefits to farm workers or animals."  (Compl. ¶ 89.)  In other words, Plaintiff does not believe the Fair Trade USA standards are good enough.  She does not allege that Chobani failed to meet Fair Trade's standards, and she does not articulate what "meaningful benefits" would be sufficient or how the Yogurt Products fail to confer any such "meaningful benefits."  Nor does Plaintiff actually allege that she came to believe that the Challenged Representations could or should have referred to some set of standards other than those set by Fair Trade USA.  (Compl. ¶¶ 8, 46, 59.)  And there are no allegations that other consumers share Plaintiff's vague, subjective belief that the Fair Trade USA certification somehow "did not entail any meaningful benefits."

Finally, Plaintiff nowhere specifies what allegedly "omitted" information Chobani could have provided that she claims would "counter" the Challenged Representations.  (*Id*. at ¶ 60.)

## LEGAL STANDARD

In deciding a motion to dismiss, courts generally "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *McGarry v. Pallito*, 687 F.3d 505, 510 (2d Cir. 2012).  However, the Court need not accept unreasonable inferences or legal conclusions cast in the form of factual

allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a . . . claim" are not entitled to an assumption of truth.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Court may consider the facts alleged in the Complaint, documents attached to the Complaint, documents relied upon but not attached to the Complaint (when the authenticity of such documents is not questioned), and other matters of which the Court can take judicial notice. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## ARGUMENT

## I.   THE COMPLAINT FAILS TO STATE CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § 349 AND § 350 FOR NUMEROUS REASONS

First, Plaintiff does not allege a plausible theory of deception:  the Challenged Representations are based on an undisputedly truthful statement that the Yogurt Products meet the Fair Trade USA standards.  Plaintiff's criticism of those standards does not make Chobani's representation that it produces its Products in accordance with them false.  Second, Plaintiff has not alleged an actionable injury, nor the requisite causal connection between the Challenged Representations and any injury she purportedly suffered, because she never explains what she actually understood the Challenged Representations to mean or how they fell short of any such understanding.  Third, the Challenged Representations are too vague, aspirational, and non-quantifiable to be actionable under the law.  Fourth, and finally, Plaintiff does not plausibly allege that Chobani omitted any pertinent information.  To the contrary, Plaintiff cites extensive literature about Fair Trade USA and alternative standards in the Complaint.

### A.   Plaintiff Cannot Base Her GBL Claims on Criticism of the Fair Trade USA Standards.

The Complaint does not allege that the Challenged Representations refer to anything other than the truthful Fair Trade USA certification.  And the Complaint does not allege that

Chobani failed to adhere to the Fair Trade USA certification standards as advertised.  Rather, Plaintiff's theory is that the Challenged Representations are deceptive because the Fair Trade USA standards themselves are "inadequate" and "fall short" of a ***different*** set of standards set by another organization.  (Compl. ¶¶ 8, 36, 46, 59.)  But Chobani did not represent that it met the other organization's standard.  That another organization has purportedly set what Plaintiff alleges to be better standards does not render Fair Trade USA's methodology inherently flawed nor does it render representations based on the Fair Trade USA certification misleading.

As courts in this District have held, Plaintiff's belief that the Fair Trade USA standards are "insufficient and unsatisfactory by some accounts" is not enough to state a viable GBL claim. *Lee v. Canada Goose US, Inc.*, 20 Civ. 9809 (VM), 2021 WL 2665955, *6 (S.D.N.Y. June 29, 2021) ("[t]hat the relevant standards may nonetheless be inhumane or inadequate does not render [d]efendants' representations as to compliance false or misleading." *Id.* at *6); *Dwyer*, 2022 WL 1136799 at *5 ("That Plaintiff and PETA believe that [d]efendant should use a different method of measuring the Product's carbon footprint . . . does not plausibly suggest that what [d]efendant in fact says is materially misleading."); see also *Gedalia v. Whole Foods Market Servs., Inc.*, 53 F. Supp. 3d 943, 955 (S.D. Tex. 2014) (rejecting plaintiffs' claim that products were insufficiently organic because they "offer[ed] no reason that the reasonable consumer would assume" that the products were "any more organic than what organic certifying agencies require").

Indeed, Judge Seibel recently rejected this same flawed theory in *Dwyer*, 2022 WL 1136799.  There, plaintiff sued shoe company Allbirds alleging that environmental impact methodologies and a wool sourcing certification used by Allbirds were inadequate, which, according to plaintiff, rendered Allbirds' representations based on those standards misleading

under the GBL.  2022 WL 1136799 at *2.  For example, the plaintiff challenged Allbirds'
environmental impact claims—such as "sustainability meets style," "lower carbon footprint,"
and "reversing climate change"—on the grounds that Allbirds calculated its carbon footprint
based on methodologies set by two independent organizations that had been criticized by PETA.
*Id.* at *5.  The plaintiff also claimed that because Allbirds relied on a certification for its merino
wool that only called for audits every three years and "[did] not extend to certification beyond
the farm gate," it was deceptive for Allbirds to make animal welfare claims, including that its
wool harvesting practices were humane and that the sheep from which it sourced wool "live the
good life."  *Id.*

Judge Seibel dismissed plaintiff's complaint in its entirety, holding that these allegations
were insufficient to state a claim under the GBL.  With respect to the environmental claims
based on use of third-party standards, Judge Seibel held that they were not deceptive because
although "[t]here may well be room for improvement in the [standards]…that does not suggest
that reliance on the current standard is deceptive."  *Id*. at *6.  The Court also held that "it is not
plausible that a consumer would be misled into thinking that Defendant undertook its carbon-
footprint calculation in any manner other than the one it describes in its literature, and Plaintiff
has not suggested that Defendant does not in fact do it in that manner."  *Id.* at *6.  Similarly,
Judge Seibel held that the plaintiff could not challenge Allbirds' animal welfare claims based on
"critiques of the methodology [a third-party organization] uses to certify farms."  *Id*. at *8.  She
explained that "at most," plaintiff's "allegations suggest" that Allbirds' wool certification "is no
guarantee that animals at the farms it certifies are never treated cruelly, which is not enough to
render plausible the allegation that [Allbirds] made a material misleading statement when it
allegedly described its wool harvesting practices as humane."

Plaintiff's GBL claims fail here for the very same reasons.  Plaintiff asserts that the "highest standards" representation "falls short" of standards set by Milk with Dignity, and that the "sustainable livelihoods" representation is inadequate because it "fails to improve key factors for sustainable livelihoods".  (Compl. ¶ 108.)  But Plaintiff does not allege that she interpreted either representation as referring to compliance with standards other than those set by Fair Trade USA.  Nor could she, given the representations themselves.  And although Plaintiff criticizes the Fair Trade USA standards, she never alleges that the Yogurt Products do not meet them.  Thus, as in *Allbirds*, Plaintiff's criticisms of the Fair Trade USA standards are not enough to state a claim because she "provides no facts suggesting that a reasonable consumer would … expect that a more expansive standard [would] be used." *Dwyer*, 2022 WL 1136799 at *6.  In addition, while Plaintiff repeatedly criticizes the Fair Trade USA standards as inadequate (Compl. ¶¶ 24, 25, 35, 39, 42, 45), she does not explain how that renders the Challenged Representations misleading to any plaintiff, let alone a "significant portion" of reasonable consumers. *Jessani v. Monini N. Am., Inc.*, No. 17-2504-cv, 2018 WL 6287994, at *1 (2d Cir. Dec. 3, 2018) (quoting *Ebner v. Fresh Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)) ("plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers,' they must allege 'that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled.'")

Finally, Plaintiff's attempt to challenge the purported "supports safe . . . animal care" representation is similarly unavailing.  Plaintiff asserts that this selectively quoted language is misleading because the Fair Trade USA standards are "entirely silent about animal welfare". (Compl ¶ 50.)  Plaintiff is mistaken.  Contrary to her allegations, the Fair Trade USA standards—incorporated by reference in Plaintiff's Complaint—***do*** address animal welfare:  they

require that Fair Trade Certified producers comply with "any local and national laws that govern the care and treatment of farm animals."  (*See* Compl. ¶ 32 n. 15.[4])  Even if Plaintiff were to argue that this standard is insufficient—and she does not—that criticism, as discussed above, is not enough to survive a motion to dismiss.  Furthermore, Plaintiff does not explain what she believes is sufficient to supposedly "support[] safe . . . animal care", nor does she describe how the products fail to live up to that representation.  Read in context, the actual representation is "***supports safe working conditions*** and animal care."  (Compl. ¶ 17 (emphasis added).)  "Safe" modifies "working conditions", not "animal care"—the representation is "supports . . . animal care".  And there are no allegations that Chobani does not "support . . . animal care" or even "safe . . .animal care."

### B.     Plaintiff's Allegations of Injury Are Conclusory and She Fails to Plead Any Causal Connection With the Yogurt Products' Labeling.

To allege injury and causation under the GBL, Plaintiff must allege how, "on account of a materially misleading practice, [she] purchased a product and did not receive the full value of [her] purchase."  *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 114 (E.D.N.Y. Feb. 13, 2020) (internal citation, quotations omitted).  Plaintiff has failed to do so here.

Plaintiff admits that she purchased a yogurt product that was Fair Trade USA certified, as advertised; she therefore received exactly what she paid for.  Her only purported injury is premised on a vague, conclusory allegation that she "would have not purchased the Products, or would have not have purchased them on the same terms, if she had known that . . . ***the Fair Trade USA certification did not entrail any meaningful benefits*** to farm workers or animals."  (Compl. ¶ 89.)  But Plaintiff does not contend that the product she purchased did not provide any

---

[4] Fair Trade USA, Agricultural Production Standards Version 1.2.0 at p. 8 n. 7 ("All Fair Trade Certified producers are expected to comply with all local and national laws and regulations . . . For dairies, this includes any local and national laws that govern the care and treatment of farm animals.")

"meaningful benefits" and her claim that the Fair Trade USA standards somehow did not match her expectation of "meaningful benefits" is not enough to plead an injury: "the fact that a product failed to live up to a consumer's individual expectations, standing alone, is insufficient to allege [an injury]." *Wright*, 439 F. Supp. 3d 102 at 115.

Nor does Plaintiff allege any causal connection between this conclusory—and legally deficient—injury claim and the Challenged Representation. Indeed, Plaintiff never alleges what she actually understood the Challenged Representations to mean—she claims only that she "believed . . . that that buying the Fair Trade USA certified yogurt meant saying 'yes' to 'products made under the highest standards,' 'sustainable livelihoods,' and that the yogurt 'supports safe. . . animal care.'" (Compl. ¶ 88.) Plaintiff does not allege why she might have expected those claims to mean something other than the fact that Chobani complied with the Fair Trade USA standards. Nor does she allege whether and how she came to believe that the Challenged Representations meant something else. Plaintiff therefore has not sufficiently stated how the Representations ***caused*** her conclusory allegations of an injury "by [her] purchase of the [Yogurt] Products." (Compl. ¶ 112; *see also id.* ¶¶ 124-25.) This failure to plead causation is fatal to her GBL claims. *See, e.g.*, *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 235 (E.D.N.Y. 2013) (dismissing GBL § 349 claim for failure to plead causation given that plaintiffs made "only general allegations" about the purportedly misleading disclosures); *see also, e.g.*, *Lisa Coppola, LLC v. Higbee*, No. 1:19-CV-00678, 2020 WL 1154749, *9 (W.D.N.Y. Mar. 10, 2020) (dismissing GBL § 349 claim where plaintiffs' allegations were "devoid of further factual enhancement and constitute[d] a formulaic recitation of the injury element of [p]laintiff's GBL § 349 claim") (citing *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted)); *Smith v. Apple, Inc.*, 583 F. Supp. 3d 554, 556 (S.D.N.Y. 2022) (dismissing GBL

claims where plaintiff failed to plausibly allege a "'connection between the misrepresentation and any harm from, or failure of, the product'" where plaintiff did not establish that phones were "damaged by liquid contact that [defendant]'s advertisements suggested they could withstand") (citing *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)).

Further, there can be no causation with respect to the "support[] safe . . . animal care" representation, because it appears under the lid and Plaintiff does not allege how it could have been material to a purchasing decision or caused any alleged injury.  "In order to plead a § 349 or § 350 claim successfully, [p]laintiffs must allege that they saw the misleading statements of which they complain ***before*** they purchased [the contested product]."  *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020) (emphasis added); *see also Lin v. Canada Goose US, Inc.*, 21 Civ. 7614 (LGS), 2022 WL 16926312, *5 (S.D.N.Y. Nov. 14, 2022) ("These allegations fall short because they do not include that [p]laintiff saw the misrepresentations prior to his purchase and therefore made the purchases 'as a result' of the misrepresentations."); *Quintana v. B. Braun Med. Inc.*, No. 17 Civ. 6614, 2018 WL 3559091, at *10 (S.D.N.Y. July 24, 2018) (dismissing GBL § 349 claim where complaint's "allegations d[id] not suggest [p]laintiff ever saw these statements and under what circumstances").  Because Plaintiff does not allege that she saw the purported "support[] safe  . . . animal care" representation before purchase, her attempt to challenge that statement must fail.

### C.   The Challenged Representations Make No Measurable or Specific Claims and Are Too Vague to Be Actionable.

The Challenged Representations—that the Yogurt Products are made under the "highest standards," "promot[e] sustainable livelihoods," and—according to Plaintiff—"support[] safe . . .

animal care"[5]  (Compl. ¶¶ 17, 18)—are "aspirational" and "simply too vague for a reasonable

consumer to rely on [] in any material way."  *See Leonard v. Abbott Labs., Inc.*, No. 10-cv-4676

(ADS) (WDW), 2012 WL 764199, at *22 (E.D.N.Y. Mar. 5, 2012); *Kommer v. Ford Motor Co.*,

No. 17-cv-296 (LEK) (DJS), 2017 WL 3251598, at *3 (N.D.N.Y. July 28, 2017) (A court can

"determine that a statement is puffery as a matter of law.").

     Courts in this Circuit have consistently held that statements couched in language such as

"committed to," "aim to," "believe deeply," or "promote" "are so vague, non-specific, and

subjective that they are non-actionable puffery."  *See MacNaughten v. Young Living Essential

Oils, LC*, 575 F. Supp. 3d 315, 328 (N.D.N.Y. 2021); *see also XYZ Two Way Radio Service, Inc.

v. Uber Technologies, Inc.*, 214 F. Supp. 3d 179, 184 (E.D.N.Y. 2016) (website claims relating to

customer safety fell within "accepted definitions of puffery").  Similarly, "[a] reasonable

consumer would recognize the words 'high quality' as a general claim of superiority over

comparable products that is so vague that it can be understood as nothing more than a mere

expression of opinion."  *Lin*, 2022 WL 16926312, *5; *see also Budach v. NIBCO, Inc.*, No. 2:14-

CV-04324, 2015 WL 3853298, at *7 (W.D. Mo. June 22, 2015) (defendant's advertisements

promoting product as "superior quality" and "highest quality" were "subjective advertising

slogans constituting non-actionable puffery") (internal citation and quotations omitted).

     So too here, all of the Challenged Representations are "subjective, non-specific,

unmeasurable, and vague statement[s]" that "cannot be proven true or false" and therefore "[are]

not actionable".  *See Dwyer*, 2022 WL 1136799 at *8 (representation that sheep sourced for wool

"live the good life" is non-actionable puffery).  What is being "promoted" and "supported" is

entirely open to subjective interpretation.  It is not even apparent what Plaintiff, let alone any

---

[5] Again, Plaintiff is selectively quoting the lid statement under the lid, which actually reads "supports . . . animal care."

other consumers, considers to be the "highest standards" for yogurt production or what constitutes a "sustainable livelihood."  Indeed, Plaintiff alleges that dairy workers in the United States "are routinely paid less than minimum wage" but then admits that that Fair Trade USA standards require paying workers the federal minimum wage, conceding that the Fair Trade USA standards improve on what she alleges is the "routine" practice.  (Compl. ¶¶ 21, 40.)  Similarly, Plaintiff does not attempt to explain what she believes "supports safe . . . animal care" means, setting aside that the actual representation—that "[e]ating this yogurt . . . supports . . . animal care"—is even more vague.  Whether and how to "support[] . . . animal care" is not measurable, and Plaintiff does not allege otherwise.

Plaintiff's attempts to challenge these vague statements therefore fail as a matter of law and her GBL claims must be dismissed accordingly.

### D.     Plaintiff Does Not Plausibly Allege That Chobani Omitted Any Information.

Plaintiff's attempt to base her GBL § 349 and § 350 claims on an omissions theory also fails because she does not allege that Chobani had any unique or exclusive access to information that it somehow did not provide.

"[A] plaintiff can only state a claim for omission under the GBL where the business alone possesses material information that is relevant to the consumer and fails to provide this information."  *Dwyer*, 2022 WL 1136799 at *6 (citing *Gordon v. Target Corp.*, No. 20-CV-9589, 2022 WL 836773, at *10 (S.D.N.Y. Mar. 18, 2022)).  Here, Chobani "clearly did not alone possess the allegedly omitted information," *id.*, given the extensive, publicly available sources that Plaintiff cites in her Complaint discussing both the Fair Trade USA standards and the Milk with Dignity standards she says she believes to be more robust.  (*See, e.g.*, Compl. ¶¶ 21–28, 30–36.)  Indeed, consumers could obtain all of this information—which Plaintiff claims Chobani omitted—by conducting a cursory internet search.  *Id.  See also Gordon*, 2022 WL 836773 at

*10 ("Clearly, [d]efendant did not alone possess the [purportedly omitted] information … since, according to [p]laintiff, pediatric health experts have been publishing this information since as early as the 1980s.").

## II.   PLAINTIFF'S NON-NEW YORK CONSUMER CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION

Plaintiff's cause of action for purported violations of various other state consumer protection laws (Compl. ¶¶ 127–134) necessarily fails because she cannot establish her New York GBL claim, and this Court lacks jurisdiction over claims by putative class members outside New York without a valid New York plaintiff.  "[T]he jurisdiction of the district court depends upon its having jurisdiction over the claim of the named plaintiffs when the suit is filed and continuously thereafter until certification because until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Lin*, 2022 WL 16926312, *5 (quoting *Police and Fire Retirement Sys. of the City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013)).  "[C]ourts in this circuit have repeatedly held that, [i]n order to maintain a class action, [p]laintiffs must first establish that they have a valid claim with respect to the shares that they purchased.  If the named plaintiffs have no cause of action in their own right, their complaint must be dismissed, even though the facts set forth in the complaint may show that others might have a valid claim." *Id.* (quoting *In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 308 (S.D.N.Y. 2009)).  This Court should similarly dismiss Plaintiff's purported causes of action under other states' consumer protection laws.

## III.   PLAINTIFF'S EXPRESS WARRANTY CLAIM ALSO FAILS FOR MULTIPLE REASONS.

Plaintiff's express warranty claim should be dismissed on any or all of five different, and independent, grounds.

17

*First*, the Challenged Representations are not specific enough to create any express warranty.  "While no formal wording is necessary to create an express warranty, there must be a representation of fact or specific promise about the product."  *Haft v. Haier U.S. Appliance Sols., Inc.*, No. 21-CV-506, 2022 WL 62181, at *6 (S.D.N.Y. Jan. 5, 2022) (quoting *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 9 (S.D.N.Y. 2020)).  For the same reasons why the Challenged Representations are too vague and unmeasurable to support Plaintiff's GBL claims, they are also insufficient to support an express warranty claim.  *Brodie*, 503 F. Supp. 3d at 10 ("[P]hrases on packaging and advertisements such as 'Premium Quality,' 'Popular,' and 'Most Dependable' are mere puffery and not express warranties, as no reasonable consumer could rely on them as statements of fact."); *Tears v. Boston Scientific Corporation*, 344 F. Supp. 3d 500, 512 (S.D.N.Y. 2018) ("[g]eneralized or vague allegations that [a] defendant made express warranties relating to goods are insufficient to prove breach of express warranty; [a] plaintiff must plead some affirmative statement of fact that forms the basis of the warranty.").

*Second*, Plaintiff has not alleged that the Yogurt Products "do not comport with the statements on their packaging, and thus ha[s] failed to allege a breach of any warranty." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 585 (S.D.N.Y. 2021) (dismissing breach of express warranty claim in vanilla advertising case).  The only reasonable interpretation of the Challenged Representations is that they comport with the Fair Trade USA standards as represented.  Assuming *arguendo* that Chobani's aspirational statements were sufficiently specific to create an express warranty upon which Plaintiff could reasonably rely—which they are not—Plaintiff "fails to plausibly allege that these warranties were breached, i.e. that the product was not as described" by Chobani as complying with the Fair Trade USA standards. *See, e.g.*, *Tears*, 344 F. Supp. 3d at 512.

*Third*, as with her GBL claims, Plaintiff's express warranty claims fail as a matter of law because the Challenged Representations are not deceptive simply because Plaintiff believes the Fair Trade USA standards they rely on are inadequate. *See Warren v. Whole Foods Market Grp., Inc.*, 574 F. Supp. 3d 102, 119 (E.D.N.Y. 2021) (Breach of warranty claims "apply the same 'reasonable consumer' standard … as that analyzed under New York's consumer protection law."). Because, as set forth above, the contested representations "would not materially mislead a reasonable consumer under [GBL] Sections § 349 and § 350, [Chobani] has not breached any warranties" that might have been made on the Yogurt Products' labeling. *Id.*

*Fourth*, Plaintiff's conclusory allegation that she relied on the Challenged Representations (Compl. ¶ 88) is insufficient because (a) she does not allege that Chobani failed to meet Fair Trade USA standards as represented and (b) she does not allege what she understood those representations to mean, or how she understood them to mean something other than what they said. *See Koublani v. Cochlear Limited*, 2:20-cv-1741 (DRH) (AYS), 2021 WL 2577068, at *15 (E.D.N.Y. June 23, 2021) ("[p]laintiff must plead facts elaborating beyond the legal conclusion that [she] did so rely.").

*Fifth,* and finally, Plaintiff does not allege the requisite privity with Chobani, as required to state a claim for breach of express warranty under New York law. *See, e.g.*, *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311(JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (dismissing express and implied warranty claims for failure to plead privity between manufacturer and purchasers and no allegation of personal injury); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (consumers failed to allege that they were in privity with consumer food products company, as required to state breach of express warranty claim based on labeling of milk products as "fat free").

## CONCLUSION

"[I]t remains 'proper to deny leave to replead where … amendment would be futile.'"

*Gorman v. Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y.

Dec. 31, 2014) (quoting *Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir.

1998)).  Here, amendment would be futile because the Complaint suffers from "substantive"

flaws that are not curable:  Plaintiff cannot state any claims based on her criticism of the Fair

Trade USA standards.  *Lopez v. Peapod, LLC*, No. 19 Civ. 9906 (KPF), 2021 WL 1108559, at *7

(S.D.N.Y. Mar. 23, 2021) (denying leave to amend).

Accordingly, for the foregoing reasons, Chobani respectfully requests that the Court

dismiss Plaintiff's Class Action Complaint in its entirety with prejudice and without leave to

amend.

Dated: New York, New York         MORRISON & FOERSTER LLP
       December 15, 2022


                       By:    */s/ Jamie A. Levitt*
                              Jamie A. Levitt
                              Adam J. Hunt
                              250 West 55th Street
                              New York, NY  10019-9601
                              Tel.: (212) 468-8000
                              Email: JLevitt@mofo.com
                                     AHunt@mofo.com

                              *Counsel for Defendant*
                              *CHOBANI, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 15, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I further certify that a copy of the foregoing document was served by e-mail on the parties who receive electronic notice in these cases through the Court's ECF system.

By:  */s/ Jamie A. Levitt*
Jamie A. Levitt
